**Order entered July 11, 2019**



**In The**
# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-18-01246-CR

### JOHNATHAN COOPER, Appellant

### V.

### THE STATE OF TEXAS, Appellee

### On Appeal from the 297th District Court
### Tarrant County, Texas
### Trial Court Cause No. 1031532D

## ORDER

Before the Court is appellant's July 9, 2019 motion in which he seeks to "retract his statement to proceed with counsel and reasserts his right to pro-se self-representation." Although originally filed in the Second Court of Appeals, this case was transferred to this Court on September 26, 2018 by the Texas Supreme Court pursuant to a docket equalization order. *See* TEX. GOV'T CODE ANN. § 73.001.

The record shows appellant is appealing an adverse finding on post-conviction DNA testing. Appellant requested appointed appellate counsel at the time he filed his notice of appeal. The trial court appointed as appellate counsel the same attorney who had represented appellant in the trial court DNA testing proceedings. After appellant filed a series of pro se motions and letters complaining about counsel, including a January 8, 2019 motion requesting self-

representation, the Court issued a January 15, 2019 order abating this case to allow the trial court to conduct a hearing to determine whether new counsel should be appointed. During the abatement, appellate counsel filed a motion to withdraw. The trial court made a finding that a conflict existed between appellant and appellate counsel and it appointed new counsel.

By order dated February 19, 2019, the Court reinstated the appeal and substituted in appellant's current counsel. Current counsel filed a brief for appellant on April 19, 2019. On May 13, 2019, appellant filed an objection to the brief and requested permission to represent himself. On May 16, 2019, the State filed its brief.

On May 20, 2019, the Court entered an order granting appellant's May 13, 2019 motion. The Court abated the appeal and ordered the trial court to determine (1) whether appellant desired to dismiss appointed counsel and represent himself pro se on appeal; (2) whether appellant's waiver of appointed counsel was made competently, voluntarily, knowingly, and intelligently; (3) whether appellant was fully aware of the dangers and disadvantages of self-representation on appeal, and if not, to inform him of the dangers and disadvantages of self-representation; (4) whether appellant was capable of representing himself in a manner that will not harm the interests of himself or the State; and (5) whether appellant's self-representation can be accomplished without obstructing the orderly procedure of the Court or interfering with the fair administration of justice. The order further directed the trial court to advise appellant that he does not have the right to hybrid representation and, if he is allowed to proceed pro se, the brief filed by counsel would be stricken.

On June 14, 2019, the trial court conducted a brief hearing on appellant's request for self-representation. During the hearing, appellant informed the trial court that he wanted to proceed

with current counsel. The trial court entered an order reflecting appellant's stated desire to retain current counsel rather than represent himself on appeal.

On June 24, 2019, the Court received a letter from appellant, dated June 14, 2019, stating that he "conditionally declined to proceed pro-se, only after agreement that [current appellate counsel] will supplement the brief" with additional issues. Appellant's letter stated that if his existing brief was not supplemented with the additional issues, he would reassert his right to represent himself pro se.

In response, the Court entered a July 5, 2019 order ordering appellant to file any supplemental brief through counsel within fifteen days of the date of the order. The Court warned appellant that he would not be allowed to engage in hybrid representation by filing a pro se supplemental brief. *See Miniel v. State*, 831 S.W.2d 310, 313 n.1 (Tex. Crim. App. 1992).

After the parties have filed briefs, after the appeal was abated twice for hearings regarding appellant's representation, and after appellant expressly declined the opportunity to represent himself and decided to accept counsel's representation, we conclude appellant 's renewed interest in pro se representation comes too late and would delay the orderly administration of justice. We **DENY** appellant's motion.

/s/    LANA MYERS
JUSTICE